IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOYD O. HUNT, JR., <br><br> Plaintiff, <br><br> v. <br><br> DELAWARE HEALTH AND SOCIAL SERVICES DIVISION OF CHILD SUPPORT, <br><br> Defendant. | C.A. No. 24-346-GBW-LDH <br><br> FILED <br><br> MAR 17 2025 <br><br> U.S. DISTRICT COURT DISTRICT OF DELAWARE |

**REPORT AND RECOMMENDATION**

On March 15, 2024, Plaintiff Floyd O. Hunt, Jr. filed a *pro se* Complaint in this action. (D.I. 1). He has been granted leave to proceed *in forma pauperis*. (D.I. 10). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   BACKGROUND**

Plaintiff alleges that Defendant Delaware Health and Social Services, Division of Child Support violated his constitutional rights by unlawfully intercepting his federal $1,200 stimulus payment under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to satisfy outstanding child support obligations. He seeks $1,200 in damages. (D.I. 1 at 3-7).

**II.   LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in

a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is

entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.    DISCUSSION

Plaintiff's allegations that Defendant illegally seized his economic impact payment under the CARES Act, and unlawfully applied it to his past-due child support obligations, do not state a claim upon which relief may be granted. The CARES Act prohibits economic impact payments from being offset to collect certain state or federal debts, but not past-due child support. CARES Act § 2201(d), 134 Stat. 335, codified at 26 U.S.C. § 6428. "An eligible individual's economic impact payment under the CARES Act can be offset up to the amount of the child support debt owed." *Conklin v. United States Dep't of Treasury*, No. 21-137-SPB, 2022 WL 2835708, at *3 (W.D. Pa. July 7, 2022), *report and recommendation adopted*, No. 21-137, 2022 WL 2834250 (W.D. Pa. July 20, 2022) (citations omitted); *Ortiz-Rivas v. Mnuchin*, No. 20-1844-PP, 2021 WL 1400931, at *2 (E.D. Wis. Apr. 14, 2021) (explaining plaintiff could not state claim based on diversion of CARES Act funds to outstanding child support obligations); *Butler v. CHFS*, No. 20-234-WOB, 2020 WL 7322717, at *1 (E.D. Ky. Dec. 11, 2020) ("[T]he stimulus payment can be garnished to pay past-due child support pursuant to Section 464 of the Social Security Act and Section 6402(c) of the Internal Revenue Code."). Indeed, Plaintiff concedes that the federal stimulus payment was intercepted and "applied to the outstanding arrears owed" on three child support cases. (D.I. 1-1, Ex. A). Accordingly, Defendant did not violate Plaintiff's constitutional rights by garnishing his CARES Act stimulus payment to satisfy unpaid child support obligations. Plaintiff's Complaint is meritless.

## IV.  CONCLUSION

For the foregoing reasons, I recommend dismissing the Complaint with prejudice.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: March 17, 2025

_____
Laura D. Hatcher
United States Magistrate Judge